**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TAHA YAHYAI, M.D., Plaintiff, | : | |
| v. | : | CIVIL ACTION NO: |
| LEHIGH VALLEY HOSPITAL Defendant. | : | |

**COMPLAINT AND JURY DEMAND**

## I. INTRODUCTION

Plaintiff claims of Defendant a sum in excess of $150,000.00 in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

2. This action arises under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Americans with Disabilities Act Amendments Act ("ADAAA") of 2008, and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination by Defendant, based on his disability.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, and §1367 and Title 42 U.S.C. §12101, et seq., which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. All conditions precedent to the institution of this suit have been fulfilled. A Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission on July 27, 2026, and this action was commenced by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III. PARTIES

6. Plaintiff, Taha Yahyai, M.D. is an individual and citizen of the State of Florida who resides therein at 710 North Lemon Ave, Apt. 170, Sarasota, Florida.

7. Defendant, Lehigh Valley Hospital, was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at 2545 Schoenersville Road, South Building, Fifth floor Bethlehem, Pennsylvania.

8. At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

19. At all times material herein, Defendant has been a "person" and "employer" as defined under the ADA and the ADAA, and is subject to the provisions of each Act.

## IV. STATEMENT OF CLAIMS:

10. On or about July 1, 2023, Plaintiff entered into an employment agreement with Defendant as a PGY-I graduate trainee.

11. Plaintiff successfully completed his PGY-1 year, and as such, was extended a new employment agreement by Defendant as a PGY-2 for the period of July 1, 2024 to June 30, 2025.

12. On May 16, 2025, Plaintiff was informed by his superior, Sean Quinn, D.O., Program Director, that he was terminated from his employment and the program.

13. The asserted reason for Plaintiff's dismissal was due to his alleged "disruptive" behavior.

14. No specific details were provided to the Plaintiff in connection with his removal.

15. Prior to and during his employment, Plaintiff was diagnosed with and suffered from depression and psychosis for which he was receiving ongoing medical treatment.

16. Plaintiff's medical condition constitutes a disability within the meaning of the Americans With Disabilities Act, in that he was substantially limited in one or more major life activity, maintained a record of impairment, and/or was perceived as being disabled by Defendant.

17. Prior to his termination, Plaintiff avers that Defendant, and in particular Dr. Quinn, perceived him as suffering from a mental disability.

18. During his employment, Dr. Quinn remarked that Plaintiff had a “flat affect”, “low tone voice”, and was in general “slow”. It is believed, and therefore averred, that Dr. Quinn was either actually aware of Plaintiff’s disability, or perceived Plaintiff as someone who was suffering from a neurological disability.

19. Although Plaintiff suspected that this perception that he suffered from a disability played a role in his removal, he did not challenge that occurrence. Instead, Plaintiff was permitted to “resign” in order to avoid being terminated, and so that he could successfully navigate future employment and professional opportunities without issue.

20. Defendant likewise agreed not to make any negative comments regarding Plaintiff's performance or conduct while in the program.

21. Subsequent to the separation of his employment with Defendant, Plaintiff filed an application for medical licensure with the Medical Board of the State of Maryland (“the Board”) on October 27, 2025.

22. Consistent with their promises, Defendant provided information to the Board confirming that Plaintiff was employed by them from July 1, 2023 through May 16, 2025, when he resigned from the program.

23. However, Defendant proceeded to make additionally false, unsubstantiated and discriminatory comments to the Board concerning him.

24. Defendant made these selected remarks against him solely for the purpose of discriminating against him on the basis of his disability and to cause him future professional harm.

25. As a result of these actions, Plaintiff was informed by the Board of its intentions to deny his application for medical licensure on March 24, 2026.

26. As a result of Defendants’ discriminatory acts, Plaintiff was forced to appeal the decision of the Board.

27. After a lengthy and protracted hearing process, Plaintiff was ultimately awarded licensure in the State of Maryland, however on a limited conditional basis.

28. Defendants' actions, as aforesaid, were willful, deliberate and discriminatory against Plaintiff due to his disability.

29. Plaintiff believes, and therefore avers, that Defendant discriminated against him with respect to the terms, conditions, and privileges of his employment, including their post-employment obligation to provide him with ongoing references and credentialing, ultimately resulting in his initial denial of licensure before the Board.

30. As a result of Defendants' discriminatory actions, Plaintiff suffered financial harm, loss of employment opportunity, emotional distress, loss of professional status, and other consequential damages.

**COUNT I**
**(ADA/ADAA)**
**Disability Discrimination -Terms, Conditions and Privileges of Employment**

31. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth herein at length.

34. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to discrimination in the aforesaid manner because of his disability, were in violation of the ADA and the ADAA.

35. As a direct result of Defendant's willful and unlawful actions in violation of the ADA and the ADAA, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem, and a loss of earnings and potential earnings, and interest due thereon.

**PRAYER FOR RELIEF**

36. Plaintiff repeats the allegations of paragraph 1 through 35 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendant and order that:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

(c) Defendant pay to Plaintiff punitive damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

**LOVITZ LAW FIRM, P.C.**

By:______________________________

KEVIN I. LOVITZ, ESQUIRE
ID # 70184
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax
*Attorney for Plaintiff, Tah Yahyai, M.D.*